UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
YUHUA LIU

                        Plaintiff,         Index No. 14 CV 6951
                                          (PAC)(RLE) ECF Case

       -against-

                                            **AMENDED COMPLAINT**
                                            **AND DEMAND FOR**
CITY OF NEW YORK; and individually and in their     **JURY TRIAL**
official capacity as New York City Police Officers
MICHAEL ALGERIO (Shield No. 16263) and SCOTT
SCHILLINGER (Shield 12495).

                                    Defendants.
------------------------------------------------------------------------x

       Plaintiff Yuhua Liu, by his attorney, the Urban Justice Center, complaining of Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 USC §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions and laws of the United States and the State of New York.

       2.     This Complaint alleges that the Defendant police officers unlawfully arrested Plaintiff Yuhua Liu, while he was legally working as a street vendor selling drawings on the sidewalk near Times Square. Defendants used excessive force and arrested Plaintiff without probable cause which resulted in injuries for which Plaintiff suffered damages for violations of his Constitutional rights, economic damages for loss of business, and damages for pain and suffering.

1

3.      This action arises out of the deprivation of Plaintiffs' liberty and property interests by Defendants, who acted under color of state law.

## JURISDICTION

4.      This action is brought pursuant to 42 USC §§ 1983 and 1988 of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5.      Jurisdiction is founded upon 28 USC §§ 1331, 1343 and 2202.

## VENUE

6.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §1391(b) because the defendants reside in this district and the events that gave rise to Plaintiff's claim occurred in this district.

## JURY DEMAND

7.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed R. Civ. P. 38(b).

## PARTIES

8.      Plaintiff YUHUA LIU is a 57 year-old resident of New York City and a street vendor who draws and sells his drawings on the sidewalks in midtown Manhattan.

9.      Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.

10.     Defendant Police Officer MICHAEL ALGERIO is sued in his individual and official capacity. He was at all times relevant to this action a police officer employed by the City of New York, acting within the scope of his employment and under color of state law, to wit,

under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

11.     Defendant Police Officer SCOTT SCHILLINGER is sued in his individual and official capacity. He was at all times relevant to this action a police officer employed by the City of New York, acting within the scope of his employment and under color of state law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## FACTUAL AND GENERAL ALLEGATIONS

12.     Plaintiff, who speaks only minimal English, is a street vendor who creates drawings of individuals on the sidewalk near Times Square. He came to the United States from China approximately seventeen years ago and lives in Queens with his wife.

13.     On July 13, 2014 Plaintiff arrived at 44th Street and Broadway at approximately 11:00 P.M and began to set up his vending stand and materials. At approximately 12:00 A.M. Defendant Algerio and Defendant Schillinger approached Plaintiff and demanded that Plaintiff produce identification, claiming that Plaintiff's art sample was touching the sidewalk. Plaintiff explained to the Defendant officers that the art sample was not touching the sidewalk and even showed the Defendant officers the space that existed between Plaintiff's art sample and the sidewalk.

14.     Plaintiff then began to reach for his identification which was located on his stool and the Defendant police officers, using excessive force, grabbed Plaintiff's arms and twisted them behind his back. The Defendant police officers then pushed Plaintiff to the ground, and proceeded to step on Plaintiff's legs causing him pain and suffering.

15. Defendants held Plaintiff on the ground and handcuffed him causing Plaintiff extreme pain. Plaintiff told the Defendant police officers that he was in pain, but was ignored.

16. Defendants kept Plaintiff on the ground for approximately fifteen minutes, then forced him into a police car, and drove him to the Midtown South Precinct of the New York City Police Department. Plaintiff attempted to communicate that he needed to contact his wife, but his pleas were ignored.

17. At approximately 2:15 AM, the Defendant police officers handed Plaintiff two summonses and told him to go home. Plaintiff was issued one summons for "disorderly conduct" which was dismissed prior to a hearing pursuant to New York Criminal Procedure Law §160.50. The second summons Plaintiff received was for "Display of Merchandise on Sidewalk" an alleged violation of §20-465(n)[1] of the New York City Administrative Code. This summons was dismissed during a trial on December 6, 2013.

18. Plaintiff was unable to work for approximately nine months due to his injuries sustained from Defendants' unlawful actions.

19. Plaintiff continues to sustain injuries due to Defendants' unlawful actions and Plaintiff still has pain when lifting heavy items, including his vending equipment.

20. Defendant police officers arrested Plaintiff without probable cause.

21. Plaintiff was not engaging in disorderly conduct as defined in New York Penal Law §240.20 and was not displaying his merchandise on the sidewalk and the defendants had no probable cause to believe he was doing so.

22. The Defendant officers knew or should have known that they had no right to arrest Plaintiff.

---

[1] Section 20-645(n) states, in relevant part, "No general vendor shall vend using the surface of the sidewalk, or a blanket or board placed immediately on the sidewalk or on top of a trash receptacle or cardboard boxes to display merchandise."

4

23. The arrest of Plaintiff was performed under color of law, within the scope of the Defendant Officers employment and authority, and for whose acts the Defendant City is liable under the theory of *respondeat superior*.

24. The arrest of Plaintiff violated clearly established rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, and was the direct and proximate cause of his damages.

25. The actions of the Defendant officers were intentional, malicious, and in bad faith, thus giving rise to punitive damages.

## DAMAGES

26. As a direct and proximate cause of the said acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution; and

    b. economic damages including loss of income.

    c. damages for pain and suffering

## CAUSES OF ACTION

### COUNT I – 42 USC § 1983 – UNLAWFUL ARREST

27. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth in full.

28. Defendant officers violated Plaintiff's right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution by unlawfully arresting Plaintiff, intending to confine him, and confining him without probable cause to believe that Plaintiff had committed any offense or violated the law.

29. Plaintiff was aware of his confinement as he was held in custody on July 13, 2013 at approximately 12:00 A.M. until approximately 2:15 A.M. on July 14, 2014 without his consent or any reasonable justification. Plaintiff's confinement was not otherwise privileged.

## COUNT I – 42 USC § 1983 – EXCESSIVE FORCE

30. Plaintiff repeats and re-alleges the allegations contained in all preceding paragraphs as if set forth in full.

31. By their conduct, under color of law, Defendants violated Plaintiff's Fourth Amendment right to be free from the use of force that is unconstitutionally excessive.

32. Plaintiff was subject to a seizure within the meaning of the Fourth Amendment when he was arrested by the Defendant officers.

33. The Defendant officers used excessive force when they unlawfully arrested Plaintiff by twisting his arms behind his back, pushing him to the ground, and stepping on his legs, causing Plaintiff an unreasonable amount of pain.

34. Plaintiff did not pose any immediate threat to the safety of the Defendant officers or anyone else present during the incident described above.

35. Plaintiff did not actively resist or attempt to evade the unlawful arrest by the Defendant officers.

## COUNT II – 42 USC § 1983 – PROCEDURAL DUE PROCESS

36. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth in full.

37. By their conduct, under color of law, defendants deprived Plaintiff of his liberty without due process of law.

## COUNT III – 42 USC § 1983 – SUBSTANTIVE DUE PROCESS

38. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth in full.

39. By their conduct, under color of law, defendants denied Plaintiff his right to due process by arresting him for arbitrary or irrational reasons.

### COUNT IV – 42 USC § 1983 – MONELL CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if set forth in full.

41. New York City has maintained policies and customs exhibiting deliberate indifference to the constitutional rights of street vendors selling at lawful locations, which caused the violation of Plaintiff's rights.

42. It was the policy and custom of the City to train, supervise and discipline officers, including the Defendant officers, inadequately with respect to laws surrounding street vendors, thereby causing the Defendants in this case to engage in the unlawful conduct described above.

43. As a direct and proximate cause of the City's deliberate indifference, Defendants violated Plaintiff's constitutional rights for which he suffered damages.

WHEREFORE, Plaintiff requests the following relief jointly and severally as against all the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs, and attorneys' fees; and

4. For such other and further relief as this Court may deem just and proper.

Dated:     New York, New York
           December 22, 2014

                                        Respectfully submitted,

                                        Sean Basinski/SB3597
                                        Urban Justice Center
                                        *Attorneys for Plaintiff*
                                        123 William Street, 16th Floor
                                        New York, NY 10038
                                        (646) 602-5679 phone
                                        (212) 533-4598 fax